IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY AROCHA,

    Plaintiff,

v.                                                          Case No.: 4:13-cv-03450

DEB-MARK ENTERPRISES, INC.,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

ANTHONY AROCHA, plaintiff, by and through his undersigned counsel files this First Amended Complaint prior to the filing of an answer by any defendant and sues the Defendants, MOHAMMAD HUSSAIN, and MORTEZA VAKILITHAMI d/b/a ROSENBERG TRAVEL PLAZA and in support thereof states as follows:

1.    Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.    Plaintiff is an individual residing in Harris County and worked for Defendants from December 2012 through the present as a power washer, cashier, maintenance worker, and painter.

1

3. Defendants MOHAMMAD HUSSAIN and MORTEZA VAKILITHAMI are individuals in charge and operating a business known as Rosenberg Travel Plaza.  Both individuals were management individuals for the now dissolved Rosenberg Travel Plaza, Inc., formerly a Texas domestic Corporation.  Rosenberg Travel Plaza, Inc., was dissolved in 2005, but both individuals continue to conduct business at the location 26205 Southwest Freeway, Rosenberg, Texas 77471.

5. Defendants, MOHAMMAD HUSSAIN AND MORTEZA VAKILITHAMI are residents of Harris County, Texas and at all times material hereto acted directly or indirectly in the interest of the Rosenberg Travel Plaza in relation to Plaintiff's employment and were substantially in control of the terms and conditions of the Plaintiff's work.  Defendants MOHAMMAD HUSSAIN and MORTEZA VAKILITHAMI were the Plaintiff's employer as defined by 29 U.S.C.§203(d).

6. Jurisdiction is conferred on this Court by Title 28 U S.C. §1331 and by Title 29 U.S.C. §216(b).  At all times pertinent to this Complaint, Defendants MOHAMMAD HUSSAIN and MORTEZA VAKILITHAMI, d/b/a ROSENBERG TRAVEL PLAZA were an enterprise engaged in interstate commerce.  Additionally,

2

Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

6. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

7. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

8. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA.

9. As a result of Defendants unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of unpaid overtime compensation that Defendants failed to pay Plaintiff.

10. Because of Defendants violation of the FLSA, Plaintiff is entitled to an additional amount equal to the amount of unpaid overtime compensation as liquidated damages.

11. Plaintiff is also entitled to compensation of the out of pocket expenses and costs of court he will incur in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being held liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 6th day of December, 2013.

**ROSS LAW GROUP**
_____/s/_____
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 832-335-9134
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**

5